IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PILOT TRAVEL CENTERS LLC | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. _____ ) ) |
| ROYAL EXPEDITED, LLC AND VLADICA BOGICEVIC, | ) ) ) ) |
| Defendants. | ) ) ) |

# COMPLAINT

Plaintiff, Pilot Travel Centers LLC, by its attorneys, Miller Shakman Levine & Feldman LLP, for its complaint against Defendants Royal Expedited, LLC and Vladica Bogicevic, states as follows:

1. This is an action for breach of contract against Royal Expedited, LLC ("Royal") for failing to pay over $466,317.58 for fuel purchases from Pilot Travel Centers LLC ("Pilot Travel"), and against Vladica Bogicevic ("Bogicevic"), Royal's sole member and manager, for failing to pay Royal's debt, the payment of which he unconditionally guaranteed.

## PARTIES

2. Plaintiff, Pilot Travel Centers LLC ("Pilot Travel"), is a limited liability company organized in Delaware, with its principal place of business in Tennessee. Pilot Travel has two members: National Indemnity Company and Berkshire Hathaway Life Insurance Company of Nebraska. Pilot Travel is a citizen of Nebraska:

1

a. Pilot Travel member, National Indemnity Company, is an insurance company organized in Nebraska, with its principal place of business in Nebraska. National Indemnity Company is a citizen of Nebraska.

b. Pilot Travel member, Berkshire Hathaway Life Insurance Company of Nebraska, is an insurance company organized in Nebraska, with its principal place of business in Nebraska. Berkshire Hathaway Life Insurance Company of Nebraska is a citizen of Nebraska.

3. Defendant, Vladica Bogicevic ("Bogicevic"), is an individual who, on information and belief, resides in Gurnee, Illinois, and therefore is a citizen of Illinois.

4. Defendant Royal Expedited, LLC ("Royal"), also known as "Royal Expedite, LLC," is a limited liability company organized in Illinois with its principal place of business in Gurnee, Illinois. Royal's sole member is Bogicevic and it is therefore a citizen of Illinois. Royal was involuntarily dissolved on January 12, 2024.[1]

## JURISDICTION AND VENUE

5. Jurisdiction exists by virtue of complete diversity of citizenship, 28 U.S.C. § 1332. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

---

[1] As a dissolved limited liability partnership, Royal can still be sued. *See Sienna Ct. Condo. Ass'n v. Champion Aluminum Corp.*, 2017 IL App (1st) 143364, ¶ 110, *rev'd on unrelated grounds*, 2018 IL 122022 ("Viewing the [Illinois Limited Liability Company Act] as a whole, we believe that the legislature contemplated that a dissolved LLC could sue or be sued for a 'reasonable time' after dissolution."). *See also* 805 ILCS 180/35-4(c) (providing that a dissolved LLC's members may "defend actions and proceedings" on behalf of the LLC as part of the "winding up" of its business; 805 ILCS 180/1-50(b)(3) (providing for service on a dissolved LLC through the Illinois Secretary of State if its registered agent cannot be located).

6. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)(1)-(2), as it is the district in which both defendants reside and in which a substantial part of the events giving rise to the claim occurred.

## THE FACTS

### I. Royal's Agreement with Pilot Travel

7. On or about July 18, 2023, Pilot Travel and Royal entered into a Direct Bill Purchase Agreement and Credit Application (the "Agreement") pursuant to which Royal, *inter alia*, promised to purchase fuel and other services from Pilot Travel and pay for the purchases via direct billing.

8. The Agreement also authorized Pilot Travel to withdraw funds via Electronic Funds Transfer ("EFT") directly from Royal's account at Bank of America in Gurnee, Illinois, "at any time to collect on amounts due and owing [Pilot Travel]."

9. Attached hereto as Exhibit A and incorporated herein by reference is a true and correct copy of the Agreement.

### II. Bogicevic's Guaranty of Royal's Obligations

10. The Agreement included a section, titled "Personal Guaranty," pursuant to which Bogicevic "unconditionally, absolutely and irrevocably guarantee[d] the obligations of [Royal] with respect to the Direct Bill Purchase Agreement Terms and Conditions, including payment in full of all amounts owing on the account" (the "Guaranty").

11. The Guaranty provides that Bogicevic's "obligations are primary obligations for which [Bogicevic] is the principal obligor and will not be limited or

3

discharged by an act of [Royal], including any incapacity or disability, or bankruptcy or insolvency, of [Royal]."

12. The Guaranty further provides that Pilot "is not required to pursue any remedy or recourse, including against [Royal] or any other guarantor, before enforcing this Guaranty."

### III. Royal Fails to Pay Amounts Owed Under the Agreement

13. On December 12, 2023, Royal purchased fuel and other services from Pilot. Pursuant to the Agreement, on or around December 13, 2023, Pilot Travel sent Royal an invoice (the "December 13 Invoice") for those purchases, with a payment due date of December 14, 2023. The total billed to Royal on the December 13 Invoice was $83,911.80.

14. Attached hereto as Exhibit B and incorporated herein by reference is a true and correct copy of the December 13 Invoice.

15. On or around December 14, 2023, pursuant to the Agreement, Pilot Travel attempted to withdraw payment in full for the December 13 Invoice from Royal's bank account via EFT. The transaction was declined for lack of funds.

16. On December 13, 2023, Royal purchased fuel and other services from Pilot. Pursuant to the Agreement, on or around December 14, 2023, Pilot Travel sent Royal an invoice (the "December 14 Invoice") for those purchases, with a payment due date of December 15, 2023. The total billed to Royal on the December 14 Invoice was $96,951.00.

4

17. Attached hereto as Exhibit C and incorporated herein by reference is a true and correct copy of the December 14 Invoice.

18. On or around December 15, 2023, pursuant to the Agreement, Pilot Travel attempted to withdraw payment in full for the December 14 Invoice from Royal's bank account via EFT. The transaction was declined for lack of funds.

19. On December 14, 2023, Royal purchased fuel and other services from Pilot. Pursuant to the Agreement, on or around December 15, 2023, Pilot Travel sent Royal an invoice (the "December 15 Invoice") for those purchases, with a payment due date of December 16, 2023. The total billed to Royal on the December 15 Invoice was $141,936.84.

20. Attached hereto as Exhibit D and incorporated herein by reference is a true and correct copy of the December 15 Invoice.

21. On or around December 16, 2023, pursuant to the Agreement, Pilot Travel attempted to withdraw payment in full for the December 15 Invoice from Royal's bank account via EFT. The transaction was declined for lack of funds.

22. Between December 15, 2023, and December 16, 2023, Royal purchased fuel and other services from Pilot. Pursuant to the Agreement, on or around December 18, 2023, Pilot Travel sent Royal an invoice (the "December 18 Invoice") for those purchases, with a payment due date of December 19, 2023. The total billed to Royal on the December 18 Invoice was $143,517.94.

23. Attached hereto as Exhibit E and incorporated herein by reference is a true and correct copy of the December 18 Invoice.

24. On or around December 19, 2023, pursuant to the Agreement, Pilot Travel attempted to withdraw payment in full for the December 18 Invoice from Royal's bank account via EFT. The transaction was declined for lack of funds.

25. Pilot Travel made multiple attempts to contact Royal regarding the declined transactions associated with the December 13, 14, 15, and 18 Invoices (the "Unpaid Invoices"). Royal did not respond to any contact attempts by Pilot Travel.

26. On or around December 21, 2023, Pilot Travel sent a letter (the "Letter") to Royal notifying the company that it was in default under the Agreement for failure to pay an outstanding balance of $466,317.58, the total amount billed on the Unpaid Invoices. The Letter demanded "payment, in full, of the entire balance within five (5) business days of the date of this letter." It further provided that "[f]ailure to cure this deficiency within the time period allocated will result in Pilot pursuing any and all rights and remedies available to it at law, in equity and/or under the Direct Bill Agreement to collect payment and/or enforce the terms of the Agreements, including enforcement of all applicable guaranty's and recovery of any and all attorneys' fees, court costs, and other collection costs."

27. Attached hereto as Exhibit F and incorporated herein by reference is a true and correct copy of the Letter.

28. As of the date of the filing of this Complaint, Royal has not responded to the Letter, or to any of Pilot Travel's other communications.

29. The Letter was sent via FedEx to Royal's address as listed on the Agreement, and to the email address that Bogicevic listed as the contact information for both Royal and himself on the Agreement.

30. Royal is in breach of the Agreement because, *inter alia,* Royal has failed, and continues to fail, to make the payments due and owing Pilot Travel under the Agreement when due. Specifically, Royal failed to make full and timely payments to Pilot Travel in connection with the Unpaid Invoices.

31. The aggregate balance due and owing from Royal to Pilot Travel under the Agreement is $466,317.58.

**IV. Bogicevic Fails to Pay Amounts Owed Under Guaranty**

32. Bogicevic is in breach of the Guaranty because, *inter alia*, he has failed, and continues to fail, to make the payments due and owing by Royal to Pilot Travel—payments that Bogicevic "unconditionally guarantee[d]." Specifically, Bogicevic failed to make full and timely payments to Pilot Travel in connection with amounts owed by Royal under the Unpaid Invoices.

33. The aggregate balance due and owing from Royal to Pilot Travel under the Agreement, and accordingly by Bogicevic to Pilot Travel under the Guaranty, is $466,317.58.

**COUNT I - BREACH OF AGREEMENT**
***AGAINST ROYAL***

34. Pilot Travel realleges paragraphs 1-33 above.

35. Royal breached the Agreement, and its breaches have injured Pilot Travel.

36. Pilot Travel has performed all of its obligations and all conditions precedent under the Agreement.

37. Pilot Travel is entitled to judgment against Royal for the sum of $466,317.58.

### COUNT II - BREACH OF GUARANTY
### *AGAINST BOGICEVIC*

38. Pilot Travel realleges paragraphs 1-37 above.

39. Bogicevic has breached the Guaranty by failing to pay Pilot Travel the amounts owed to it by Royal, and his breaches have injured Pilot Travel.

40. Pilot Travel has performed all of its obligations and all conditions precedent under the Guaranty.

41. Pilot Travel is entitled to judgment against Bogicevic for the sum of $466,317.58.

WHEREFORE, Pilot Travel respectfully requests that the Court enter: (1) judgment against Royal on Count I, for the sum of $466,317.58; (2) judgment against Bogicevic on Count II, for the sum of $466,317.58; and (3) such other and further relief as the Court may find just and proper.

Dated: February 12, 2024         Respectfully submitted,

                                                            Pilot Travel Centers LLC

                                                            By:*/s/Edward W. Feldman*
                                                                One of its attorneys

Edward W. Feldman
A. Michaela Kabat
Miller Shakman Levine & Feldman LLP
30 W. Monroe Street, Suite 1900
Chicago, Illinois 60603
Tel: (312) 263-3700/Fax: (312) 263-3270
efeldman@millershakman.com